**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4648**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARYL LAMONT TERRY, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00241-RJC-DCK-2)

_____

Submitted:  June 30, 2022                          Decided:  July 22, 2022

_____

Before THACKER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl Lamont Terry, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  The district court sentenced Terry to a sentence of 24 months' imprisonment, within the Sentencing Guidelines range established at sentencing.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Terry's appellate waiver and whether Terry's sentence is procedurally and substantively reasonable.  The Government has declined to file a brief.*  Although notified of his right to do so, Terry has not filed a pro se supplemental brief.  We affirm.

Our review of the record on appeal shows that the plea colloquy was conducted substantially in compliance with Fed. R. Crim. P. 11 and that the omissions did not affect Terry's substantial rights.  *See United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc) (noting that when defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, review is for plain error).  Moreover, Terry knowingly and voluntarily pled guilty to the charged offense, and his plea was supported by a sufficient factual basis.  *See United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018) (stating elements of § 1349 conspiracy offense).  We therefore find no reversible error as to his conviction.

---

\* Because the Government has not moved to enforce the appellate waiver in the plea agreement, we conduct a full review pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517.

To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). A "district court[] need not robotically tick through § 3553(a)'s every subsection." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (internal quotation marks omitted). The sentencing explanation need not be extensive, but it must demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

Terry's counsel questions whether the district court committed procedural error by failing to address at sentencing the argument that Terry had family support. The record reveals, however, that the district court considered the parties' arguments and provided a thorough explanation for the chosen sentence. Terry's sentence is therefore procedurally reasonable.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly

3

calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Terry's counsel questions whether the sentence is substantively reasonable because Terry's codefendant received a shorter sentence. But Terry's codefendant's shorter sentence does not render Terry's sentence substantively unreasonable. *See United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) ("[A] sentence is not unreasonable under § 3553(a)(6) merely because it creates a disparity with a co-defendant's sentence." (internal quotation marks omitted)), *petition for cert. filed*, No. 21-8089 (U.S. June 6, 2022). The district court properly calculated Terry's Guidelines range, and the parties stipulated in the plea agreement that a within-Guidelines-range sentence was appropriate. Therefore, Terry fails to rebut the presumption of substantive reasonableness afforded his within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Terry, in writing, of the right to petition the Supreme Court of the United States for further review. If Terry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Terry.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*